# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HOTELS UNION SQUARE MEZZ 1 LLC and<br>HOTELS UNION SQUARE MEZZ 2 LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10971 (KJC)<br>Jointly Administered<br><br>Hearing Date: August 11, 2010 at 3:30 p.m.<br>Objection Deadline: August 4, 2010 at 4:00 p.m. |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING AND SCHEDULING A COMBINED HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (B) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING AND VOTING BALLOTS; (C) APPROVING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO THE PLAN AND DISCLOSURE STATEMENT AND (D) GRANTING RELATED RELIEF

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), by and through their undersigned counsel, hereby move this Court (the "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) approving and scheduling a combined hearing (the "Combined Confirmation Hearing") on the adequacy of the *Disclosure Statement for the Joint Plan of Liquidation of Hotels Union Square Mezz 1 LLC and Hotels Union Square Mezz 2 LLC under Chapter 11 of the Bankruptcy Code*, dated July 14, 2010 (as amended from time to time, the "Disclosure Statement") and confirmation of the *Joint Plan of Liquidation of Hotels Union Square Mezz 1 LLC and Hotels Union Square Mezz 2 LLC under Chapter 11 of the Bankruptcy Code*, dated July 14, 2010 (as amended from time to time, the "Plan");[2] (b) approving the form and manner of notice of the Combined Confirmation Hearing and voting ballots; (c) approving

---
[1] The last four digits of the debtors' Federal Tax I.D. numbers are 3422 and 3618.
[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

procedures for filing objections to the Plan and Disclosure Statement; and (d) granting related relief. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are sections 105, 1125, 1126 and 1128(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Introduction

4. On March 23, 2010, Hotels Union Square Mezz 1 LLC (the "Mezz 1 Debtor") filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code.

5. On March 25, 2010, Hotels Union Square Mezz 2 LLC (the "Mezz 2 Debtor") filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code.

6. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. As of the date of this Motion, no official committees have been appointed or designated.

974351v.2

## Background

7. The Debtors hold indirect interests in the W Hotel Union Square, located at 201 Park Avenue South, New York, New York (the "Hotel"). The Hotel has 270 guest rooms, including 17 suites. It offers guests an on-site 24-hour fitness center, business services, a nightclub, a restaurant, 6,000 square feet of meeting and banquet facilities, and 24-hour in-room dining.

8. Dwindling cash flows led to the Debtors' defaults on certain loan agreements. The Debtors thus launched into discussions with their respective lenders to attempt an out-of-court restructuring of the debt obligations. It became clear that a resolution could not be achieved at that point. Thus, the Debtors filed these chapter 11 cases (together, the "Cases").

9. Almost immediately upon the filing of their respective Cases, the Debtors were faced with litigation (the "Litigation") on multiple fronts from their respective secured creditors, DekaBank and USRHC. Ultimately, the Debtors, DekaBank and USRHC reached a consensual resolution of the Litigation, as reflected and implemented in the Plan.

10. If confirmed, the Plan provides for the sale of the equity interests in the Hotel Entity to Venture LLC with the resulting proceeds to be used to make distributions pursuant to the Plan. As indicated in the Disclosure Statement, DekaBank and USRHC, as well as the Debtors sole equity holder, LEM, support the Plan. They are the only Classes entitled to vote under the Plan.

## Relief Requested

11. By this Motion, the Debtors respectfully request the entry of an Order, substantially in the form attached hereto as **Exhibit A**: (a) approving and setting a Combined Confirmation Hearing; (b) approving the form and manner of notice of the Combined

Confirmation Hearing, notice of non-voting status and voting ballots; (c) approving the deadline and procedures for filing objections to the Plan and Disclosure Statement; and (d) granting related relief.

12. For the convenience of the Court and parties in interest, a summary of the timeline identifying each of the relevant dates and deadlines (excluding discovery deadlines) proposed in the Motion (or previously established by the Court) is set forth immediately below:

| Proposed Timeline | |
|---|---|
| July 14, 2010 | Date of service of Notice of Solicitation Procedures Hearing |
| August 4, 2010 | Solicitation Procedures Objection Deadline |
| August 11, 2010 | Solicitation Procedures Hearing |
| August 11, 2010 | Voting Record Date |
| August 11, 2010 | Date of service of Ballots and Solicitation Packages or Notices of Non-Voting Status, as applicable |
| August 16, 2010 | Deadline for filing the Plan Supplement |
| August 18, 2010 | Plan Voting Deadline |
| August 20, 2010 | Disclosure Statement and Plan Confirmation Objection Deadline |
| August 23, 2010 | Deadline for Plan Proponents' reply to disclosure statement and confirmation objections |
| August ___, 2010 | Combined Confirmation Hearing. |

## Basis for Relief Requested

### A. Combined Plan Confirmation and Disclosure Statement Hearing and Objection Deadlines

13. Debtors are seeking entry of an order confirming the Plan and approving the adequacy of the Disclosure Statement at the Combined Confirmation Hearing. See 11 U.S.C. § 105(d)(2)(B)(vi) (permitting court to enter an order providing for combined hearing on a disclosure statement and plan). The Debtors believe that a joint hearing on the Plan and Disclosure Statement is appropriate under the circumstances. First, the holders of all Claims and Equity Interests that are impaired and entitled to vote on the Plan openly support the Plan and Disclosure Statement and were involved in its formulation. In addition, a Combined Confirmation Hearing will benefit all creditors by conserving estate resources and avoiding the possibility that the Debtors' exclusive periods under section 1121 of the Bankruptcy Code to file and solicit votes on the Plan will expire, thereby possibly disturbing the plan process. Second, where there is essentially no solicitation process, separate hearings for the Plan and Disclosure Statement are simply unnecessary.

14. In light of the fact that all of the Debtors' known creditors support the Plan, the Debtors believe there is no reason to delay consideration of the adequacy of the Disclosure Statement and confirmation of the Plan. Cf. In re Samsonite Co. Stores, LLC, Case No. 09-13102 (PJW) (Bankr. D. Del. Sept. 2, 2009) (order approving joint hearing where all classes unimpaired); In re Stock Building Supply Holdings, LLC, Case No. 09-11554 (MFW) (Bankr. D. Del. May 7, 2009) (same). Moreover, even if additional creditors become known during the process, they will be paid in full pursuant to the Plan and are deemed to accept it. Additionally, because all parties-in-interest will have had notice and an opportunity to obtain a copy of the Plan and Disclosure Statement more than four weeks prior to the proposed deadline for

objections—more than ample time to evaluate the Disclosure Statement and the Plan prior to the proposed Combined Confirmation Hearing—no party-in-interest will be prejudiced by holding a Combined Confirmation Hearing to consider the Plan and Disclosure Statement.

15. The Confirmation Hearing Notice (as defined below) will set forth the date and time of the Combined Confirmation Hearing and the deadlines by which objections to confirmation of the Plan and objections to the Disclosure Statement, if any, must be made.

16. The Debtors believe that given the facts and circumstances of these Cases, where all parties entitled to vote support confirmation of the Plan and have participated in its formulation, the requested confirmation schedule is appropriate. Accordingly, the Debtors seek the Court's approval of this confirmation schedule prior to commencing the solicitation process. Approving the confirmation schedule now will provide all parties in interest with a set timeline for wrapping up these Cases, which will minimize the administrative burden on the estates.

17. Bankruptcy Rules 3017(a) and 2002(b) govern the timing of a hearing on the Disclosure Statement. Specifically, Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice . . . to consider the disclosure statement and any objections or modifications thereto." Bankruptcy Rule 3017(a). Bankruptcy Rule 2002(b) requires 28 days' notice of the time fixed for filing objections to and any hearing to consider approval of a disclosure statement or confirmation of a plan. Bankruptcy Rule 2002(b). Moreover, pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Bankruptcy Rule 3020(b)(j). Finally, Local Rule 9006-1 provides that the deadline for objection to a motion, which would include the Motion, shall be "not later than seven (7) days before the hearing date." Local Rule 9006-1(c)(ii).

18. The Debtors' proposed deadline for filing objections to the Plan and Disclosure

21. In addition, the Plan and Disclosure Statement will be served upon: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for DekaBank; (c) counsel for USRHC; and (d) any persons who have filed a request for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

C.  **Establishment of a Voting Record Date**

22. Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with confirmation of a plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

23. Accordingly, the Debtors request that the Court establish August 11, 2010 at 4:00 p.m. as the record date (the "Voting Record Date") for purposes of determining: (a) the creditors who are entitled to vote to accept or reject the Plan; and (b) in the case of nonvoting Classes, the Creditors and Equity Interest holders who are entitled to receive non-voting materials.

D.  **Approval of Forms of Ballots**

24. Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot that substantially conforms to Official Form No. 14 only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Debtor proposes to distribute to Creditors entitled to vote to accept or reject the Plan one or more ballots in the forms attached to the proposed Approval Order collectively as **Exhibit 2** (each a "Ballot," and collectively, the "Ballots"). The Ballots are based on Official Form No. 14, but have been modified to address the particular terms of the Plan. The Debtor proposes that the appropriate form of Ballot will be

Statement will provide all parties-in-interest approximately 35 days from the date hereof to review the Plan and Disclosure Statement and file objections if appropriate, well within the time required by Bankruptcy Rule 2002(b). Moreover, the Debtors believe that the proposed timing for filing and service of objections and proposed modifications, if any, will afford the Court, the Debtors and other parties in interest sufficient time to consider the objections and proposed modifications prior to the Combined Confirmation Hearing. Finally, the Debtors believe that August 23, 2010 at noon. (prevailing Eastern Time), the proposed deadline for the Debtors to file their brief in support of confirmation and reply to objections to the Plan and Disclosure Statement, if any, is appropriate. Accordingly, the Debtors request that the Court approve the proposed deadline for filing objections to the Plan and Disclosure Statement, the manner of filing objections, the Debtors' reply deadline and the date of the Combined Confirmation Hearing at the hearing on the Motion.

**B.     Approval of Form and Manner of Notice of Confirmation Hearing**

19.     The Debtors also request approval of the notice of the Combined Confirmation Hearing substantially in the form of **Exhibit 1** annexed to the proposed form of Order attached hereto (the "Confirmation Hearing Notice").

20.     Contemporaneously with the filing of this Motion, the Debtors will serve the Confirmation Hearing Notice on the Debtors' creditor matrix and all equity interest holders of record. Pursuant to Bankruptcy Rules 2002 and 3017(d), the Confirmation Hearing Notice will contain: (a) information as to how to obtain a copy of the Plan and Disclosure Statement; (b) disclose the date and time of the Combined Confirmation Hearing; (c) disclose the date and time of the Objection Deadline and the procedures for objecting to the Disclosure Statement and the Plan; and (d) establish the Record Date and Voting Deadline.

distributed to holders of Claims and Equity Interests in the Classes entitled to vote to accept or reject the Plan, as follows:

> **Exhibit 2A** Ballot to be returned directly to the Potter Anderson & Corroon LLP, Attn: Hotels Voting, 1313 N. Market St., 6th Floor, P.O. Box 951, Wilmington, DE 19899-0951 (the "Voting Agent") on account of DekaBank Claims in Class 1;
>
> **Exhibit 2B** Ballot to be returned directly to the Voting Agent on account of the Equity Interests in the Mezz 1 Debtor in Class 4;
>
> **Exhibit 2C** Ballot to be returned directly to the Voting Agent on account of USRHC Claims in Class A;
>
> **Exhibit 2D** Ballot to be returned directly to the Voting Agent on account of Equity Interests in the Mezz 2 Debtor in Class D.

25. The holders of Claims and/or Equity Interests in Classes 2, 3, B, and C, if any become known, are deemed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code. As such, they will not receive a Ballot.

## The Debtors' Reservation of Rights

26. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their rights to contest any objection to the relief requested herein or to the confirmation of the Plan, the adequacy of the Disclosure Statement or any other related issue in accordance with applicable non-bankruptcy law.

## Notice

27. The Debtors have provided notice of this Motion via first class mail to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for DekaBank; (c) counsel for USRHC; (d) counsel to LEM; (e) counsel to Host; and (f) any persons who have filed a request for notice in these Cases pursuant to Bankruptcy Rule 2002. In light of the nature of

the relief requested, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

28. The Debtors have not previously sought the relief requested herein from this or any other court.

## Conclusion

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) approving and scheduling the Combined Confirmation Hearing to consider approval of the Disclosure Statement and Plan; (b) approving the form and manner of notice of the Combined Confirmation Hearing and Ballots; (c) approving the Objection Deadline and procedures for filing objections to the Plan and Disclosure Statement; (d) granting related relief; and (e) granting such other and further relief as the Court may deem just and proper.

Dated: July 14, 2010  
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

_____  
Steven M. Yoder (DE Bar No. 3885)  
Jeremy W. Ryan (DE Bar No. 4057)  
Hercules Plaza, 6th Floor  
1313 N. Market Street  
P.O. Box 951  
Wilmington, Delaware 19899-0951  
Telephone: (302) 984-6000  
Facsimile: (302) 658-1192  

*Counsel for the Debtors and Debtors in Possession*

974351v.2