# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HOTELS UNION SQUARE MEZZ 1 LLC,[1]<br>HOTELS UNION SQUARE MEZZ 2 LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10971 (KJC)<br>Jointly Administered<br><br>Re: Docket No. 120 |

**ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING AND SCHEDULING A COMBINED HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (B) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING AND VOTING BALLOTS; (C) APPROVING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO THE PLAN AND DISCLOSURE STATEMENT; AND (D) <u>GRANTING RELATED RELIEF</u>**

Upon the motion, dated July 14, 2010 (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for the entry of an order (the "Order"): (a) setting a combined hearing on the adequacy of the Disclosure Statement and Plan confirmation; (b) approving the form and manner of notice of the Combined Confirmation Hearing and Ballots; (c) approving deadline and procedures for objecting to the Disclosure Statement and the Plan; and (d) granting related relief; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Debtors having provided

---

[1] The last four digits of the debtors' Federal Tax I.D. numbers are 3422 and 3618.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion

appropriate notice under the circumstances of the Motion and the opportunity for a hearing on the Motion, and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. The confirmation schedule as set forth in the table below is hereby approved.

| | |
|---|---|
| August 11, 2010 | Voting Record Date |
| August 11, 2010 | Date of service of Ballots and Solicitation Packages or Notices of Non-Voting Status, as applicable |
| August 16, 2010 | Deadline for filing the Plan Supplement |
| August 18, 2010 | Plan Voting Deadline |
| August 20, 2010 | Disclosure Statement and Plan Confirmation Objection Deadline |
| August 23, 2010 | Deadline for Plan Proponents' reply to disclosure statement and confirmation objections |
| August 27, 2010 @ 10:00 a.m. (ET) | Combined Confirmation Hearing. |

3. The manner of filing any objections to the adequacy of the Disclosure Statement or confirmation of the Plan, as set forth in the Confirmation Hearing Notice is hereby approved. Accordingly, objections to confirmation of the Plan or proposed modifications to the Plan, if any, and objections to the adequacy of the Disclosure Statement must: (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (c) state the name and address of the objecting party and the amount and nature of the claim or

interest of such party, (d) state with particularity the basis and nature of any objection to the Plan, and (e) be filed electronically, together with proof of service, with the Court and served on the parties listed below:

    (a)    counsel to the Debtors, Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, DE 19801, Attn: Steven M. Yoder, Esq. and Jeremy W. Ryan, Esq.;

    (b)    counsel to DekaBank, Sonneschein, Nath & Rosenthal LLP, Two World Financial Center, New York, NY 10281, Attn: Gary A. Goodman, Esq.;

    (c)    counsel to USRHC, Paul Hastings Janofsky & Walker LLP, 515 South Flower Street, 25th Floor, Los Angeles, CA 90071, Attn: Rick S. Kirkbride, Esq.;

    (d)    counsel to LEM, Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Kevin O'Shea, Esq.;

    (e)    counsel to Host, Arnold & Porter, 555 Twelfth Street, NW, Washington, D.C. 20004-1206, Attn: Michael D. Goodwin, Esq. and Michael J. Canning, Esq.;

    (f)    the Office of the United State Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801; and

    (g)    those parties who have a filed a notice of appearance in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

4. The form of the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, complies with the requirements of Bankruptcy Rules 2002 and 3017 and is hereby approved in its entirety.

5. The forms of Ballots, substantially in the forms annexed hereto as **Exhibit 2**, are approved.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Debtors are directed to distribute or cause to be distributed solicitation

packages (the "Solicitation Packages") to all holders of claims in Classes 1, 4, A, and D (collectively, the "Voting Classes"). The Solicitation Packages shall contain copies of: (a) the Plan; (b) the Disclosure Statement; (c) the Disclosure Statement Order (without exhibits); (d) the Confirmation Hearing Notice; and (e) an appropriate form of Ballot together with a pre-addressed, postage prepaid return envelope addressed to Potter Anderson & Corroon, LLP, Attn: Hotels Voting, 1313 N. Market Street, 6th Floor, P.O. Box 951, Wilmington, DE 19899-0951.

8. The Debtors are not required to distribute Solicitation Packages, Ballots, copies of the Disclosure Statement or Plan or any other notices other than the Confirmation Hearing Notice to holders of claims against the Debtors that have not been classified in the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, Plan, Ballots, the Confirmation Hearing Notice, any other notice related to the Plan or Disclosure Statement and all exhibits and appendices to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: Wilmington, Delaware
August 11, 2010

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

5