## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HOTELS UNION SQUARE MEZZ 1 LLC[1] | : | Case No. 10-10971 (KJC) |
| HOTELS UNION SQUARE MEZZ 2 LLC, | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : | RE: 118 |
|  | : |  |

## ORDER CONFIRMING THE JOINT PLAN OF LIQUIDATION OF HOTELS UNION SQUARE MEZZ 1 LLC AND HOTELS UNION SQUARE MEZZ 2 LLC, AS MODIFIED, UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

having:[2]

- on March 23, 2010 and March 25, 2010 (individually and collectively, the "Petition Date"), commenced chapter 11 cases (collectively, the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code");

- continued to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

- filed, on July 14, 2010, the Joint Plan of Liquidation of Hotels Union Square Mezz 1, LLC and Hotels Union Square Mezz 2 LLC Under Chapter 11 of the Bankruptcy Code [Docket No. 118] (as modified or amended, the "Plan") and the Disclosure Statement for the Joint Plan of Liquidation of Hotels Union Square Mezz 1, LLC and Hotels Union Square Mezz 2 LLC Under Chapter 11 of the Bankruptcy Code [Docket No. 117] (as modified or amended, the "Disclosure Statement");

- obtained approval, on August 11, 2010, of the Order Approving Debtors' Motion for Entry of an Order (A) Approving and Scheduling a Combined Hearing on the Adequacy of the Disclosure Statement and Plan Confirmation (the "Confirmation Hearing"); (B) Approving Form and Manner of Notice of Confirmation Hearing (the "Confirmation Hearing Notice") and Voting Ballots; (C) Approving Deadline and

---

[1]    The last four digits of the Debtors' federal tax identification numbers are 3422 and 3618.

[2]    Unless otherwise noted, capitalized terms used but not defined in this Order (the "Confirmation Order") shall have the meanings ascribed to them in the Joint Plan of Liquidation of Hotels Union Square Mezz 1, LLC and Hotels Union Square Mezz 2 LLC Under Chapter 11 of the Bankruptcy Code [Docket No. 118] (as the same may have been subsequently amended, supplemented or modified from time to time).

Procedures for Filing Objections to the Plan and Disclosure Statement; and (D) Granting Related Relief [Docket No. 128] (the "Disclosure Statement Order"), which approved, among other things, solicitation procedures (the "Solicitation Procedures") and related notices, forms, ballots and master ballots (collectively, the "Solicitation Package");

- caused the Solicitation Package to be distributed to all holders of Claims in Class 1 (DekaBank Claim), Class 4 (Equity Interests in Mezz 1 Debtor), Class A (USRHC Claim) and Class D (Equity Interests in Mezz 2 Debtor) (collectively, the "Voting Classes"), consistent with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order and the Solicitation Procedures, as evidenced by the Joint Declaration (defined below) of Jay Eisner and Herb Miller;

- caused the Confirmation Hearing Notice to be transmitted to the Debtors' creditor matrix and all equity interest holders of record, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order and the Solicitation Procedures, as evidenced by the Joint Declaration of Jay Eisner and Herb Miller;

- solicited acceptances of the Plan in reliance on the Disclosure Statement Order and complied in good faith with all requirements and solicitation procedures adopted by the Court in the Disclosure Statement Order;

- filed, on August 25, 2010, the Declaration of Jeremy W. Ryan of Potter Anderson & Corroon LLP Certifying the Methodology for the Solicitation and Tabulation of Votes on and Results of Voting with Respect to the Joint Plan of Liquidating of Hotels Union Square Mezz 1 LLC and Hotels Union Square Mezz 2 LLC under Chapter 11 of the Bankruptcy Code  Certifying the Methodology for the Tabulation of Votes on and Results of Voting with Respect to the Debtors' Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, detailing the results of the Plan voting process [Docket No. 139] (the "Voting Tabulation Affidavit");

- filed, on August 25, 2010, the Joint Declaration of Jay Eisner and Herb Miller in Support of Confirmation of the Joint Plan of Liquidation of Hotels Union Square Mezz 1 LLC and Hotels Union Square Mezz 2 LLC under Chapter 11 of the Bankruptcy Code [Docket No. 140] (the "Joint Declaration"); and

- filed, on August 26, 2010, the Modified Joint Plan of Liquidation of Hotels Union Square Mezz 1 LLC and Hotels Union Square Mezz 2 LLC under Chapter 11 of the Bankruptcy Code [Docket No. 143].

**The Bankruptcy Court having:**

- entered the Disclosure Statement Order on August 11, 2010 [Docket No. 128];

- set August 27, 2010 at 10:00 a.m. prevailing Eastern Time, as the date and time for the commencement of the Confirmation Hearing pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128 and 1129 of the Bankruptcy Code; reviewed the Disclosure Statement, Plan, the Joint Declaration, the Voting Tabulation Affidavit and all filed pleadings, exhibits, statements and comments regarding confirmation of the Plan ("Confirmation");

- reviewed the objections and statements in opposition to Confirmation, including, without limitation, Docket No. 136 (collectively, the "Objections");

- heard and considered the statements of counsel and all other testimony and evidence proffered and/or adduced at the Confirmation Hearing, and in respect of, Confirmation;

- overruled any and all Objections and all statements and reservations of rights not consensually resolved or withdrawn; and

- taken judicial notice of the papers and pleadings filed in the Chapter 11 Cases.

**NOW, THEREFORE, it appearing to the Bankruptcy Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation have been adequate and appropriate as to all entities affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefore, the Bankruptcy Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Order:**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    Jurisdiction and Venue**

1.    On the applicable Petition Dates, the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors were and are qualified to be debtors under section 109 of the Bankruptcy Code. Venue in the District of Delaware was proper as of the Petition Date and continues to be proper. Confirmation

of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2.      Since the Petition Date, the Debtors have operated their business and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Cases.

**B.      Judicial Notice**

3.      The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the clerk of this Court and/or its duly appointed agent (the "Docket"), including, without limitation, all pleadings and other documents on file, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, the hearings held before this Court during the pendency of the Chapter 11 Cases.

**C.      Burden of Proof**

4.      The Debtors, as the Plan co-proponents, have met their burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard in the Bankruptcy Court.  The Bankruptcy Court also finds that the Debtors have satisfied the elements of sections 1129 of the Bankruptcy Code by clear and convincing evidence.

**D.      Disclosure Statement Order**

5.      On August 11, 2010, the Bankruptcy Court entered the Disclosure Statement Order that, among other things: (a) approved the scheduling of a combined hearing on the adequacy of the Disclosure Statement and confirmation of the Plan; (b) fixed the deadline for voting to accept or reject the Plan; (c) fixed the date and time for commencement of the

4

Confirmation Hearing; (d) established the objection deadline and procedures for objecting to the Plan; (e) approved the form and manner of notice of the Confirmation Hearing; and (f) established the record date and certain procedures for soliciting votes with respect to the Plan.

**E.      Modifications to the Plan**

6.      The modifications to the Plan as set forth on <u>Exhibit A</u> hereto constitute non-material or technical changes and do not materially adversely affect or change the treatment of any Claims or Equity Interests.   Accordingly, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

**F.      Transmittal and Mailing of Materials; Notice**

7.      As evidenced by the Joint Declaration, the Debtors complied with the service requirements and procedures approved in the Disclosure Statement Order, the Debtors have provided notice of the Confirmation Hearing and solicited ballots accepting or rejecting the Plan by timely transmitting the Plan, the Disclosure Statement, the Disclosure Statement Order, the Confirmation Hearing Notice, and appropriate Ballot, together with applicable voting instructions to all holders of Claims and Equity Interests, in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the local rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").   Accordingly, the Disclosure Statement, Plan, Ballots and Disclosure Statement Order were transmitted and served in compliance with the Disclosure Statement Order and the Bankruptcy Rules, and such transmittal and service were fair, adequate and sufficient.

5

8.     Due, adequate and sufficient notice of the Disclosure Statement and the Plan, along with the deadlines for voting on and filing objections to the Plan, has been given to all known holders of Claims and Equity Interests substantially in accordance with the procedures set forth in the Disclosure Statement Order, and no other or further notice is or shall be required.

9.     Adequate and sufficient notice of the Confirmation Hearing and other bar dates described in the Disclosure Statement Order and the Plan have been or will be given in compliance with the Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required.

10.     The filing with the Court and service of the Plan and the disclosure of any further modifications on the record of the Confirmation Hearing, constitute due and sufficient notice of the Plan and all later modifications thereto.

**G.     Good Faith Solicitation**

11.     The Debtors and their agents, representatives, attorneys, and advisors, and other Persons involved in the solicitation process have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Disclosure Statement Order and Solicitation Procedures and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 10.6 of the Plan.

12.     Votes to accept and reject the Plan were solicited fairly, in good faith and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Disclosure Statement Order and all other applicable statutes, rules, laws and regulations.

**H.     Voting Report**

6

13.     On August 25, 2010, the Debtors filed with this Court the Voting Tabulation Affidavit certifying the method and results of the Ballot tabulation for each of the Classes entitled to vote to accept or reject the Plan. As evidenced by the Joint Declaration and Voting Tabulation Affidavit, all Ballots were properly solicited and tabulated.

14.     Pursuant to sections 1124 and 1126 of the Bankruptcy Code, the Voting Classes, which are the only Classes entitled to vote on the Plan, each have accepted the Plan. Holders of Class 2 (Other Secured Claims against Mezz 1 Debtor), Class 3 (General Unsecured Claims against Mezz 1 Debtor), Class B (Other Secured Claims against Mezz 2 Debtor) and Class C (General Unsecured Claims against Mezz 2 Debtor) are unimpaired and conclusively deemed to accept the Plan.

## I.     Compliance with the Requirements of Section 1129 of the Bankruptcy Code

15.     The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as set forth below:

### (a)     Section 1129(a)(1): Compliance of the Plan with Applicable Provisions of the Bankruptcy Code

16.     The Plan complies with all applicable provisions of the Bankruptcy Code, including Bankruptcy Code sections 1122 and 1123.

#### (i)     Section 1122 and 1123(a)(1): Proper Classification

17.     The classification of Claims and Equity Interests under the Plan is proper under the Bankruptcy Code. Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Section 3 of the Plan designates classes of Claims and Equity Interests, other than Administrative Expense Claims, Priority Tax Claims and Priority Non-Tax Claims. As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within

7

that Class.  Valid reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Equity Interests.  The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

### (ii)    Section 1123(a)(2):  Specification of Unimpaired Classes

18.    Section 2 of the Plan specifies that Administrative Expense Claims, Priority Tax Claims and Priority Non-Tax Claims are unimpaired, and these Claims are not classified under the Plan.  As a result thereof, the requirements of section 1123(a)(2) of the Bankruptcy Code have been satisfied.

### (iii)    Section 1123(a)(3):  Specification of Treatment of Impaired Classes

19.    Section 4 of the Plan specifies the treatment of each Impaired Class under the Plan, including Class 1 (DekaBank Claim), Class 4 (Equity Interests in Mezz 1 Debtor), Class A (USRHC Claim) and Class D (Equity Interests in Mezz 2 Debtor).  As a result thereof, the Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code.

### (iv)    Section 1123(a)(4):  No Discrimination

20.    In accordance with section 1123(a)(4) of the Bankruptcy Code, Section 4 of the Plan provides for the same treatment of each Claim or Equity Interest in a particular Class, as the case may be, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment with respect to such Claim or Equity Interest.  As a result thereof, the requirements of section 1123(a)(4) of the Bankruptcy Code have been satisfied.

### (v)    Section 1123(a)(5):  Adequate Means for Plan Implementation

21.    The Plan and the various documents and agreements set forth in the Plan and described in the Plan provide adequate and proper means for the Plan's implementation.  As a result thereof, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

8

### (vi)    Section 1123(a)(6): Voting Power of Equity Securities

22.    The Plan, as a plan of liquidation, contemplates that all interests of the Debtors shall be cancelled as of the Effective Date.  As a result thereof, the Debtors have complied with section 1123(a)(6) of the Bankruptcy Code .

### (vii)    Section 1123(a)(7): Selection of Officers and Directors

23.    The Plan, as a plan of liquidation, need not designate directors or officers, thereby making section 1123(a)(7) of the Bankruptcy Code inapplicable.

### (viii)    Section 1123(a)(8): Payment of Individual Earnings

24.    The Plan, as a plan of liquidation for corporation, need not provide for the payment of individual earnings, thereby making section 1123(a)(8) of the Bankruptcy Code inapplicable.

### (ix)    Section 1123(b): Discretionary Contents of the Plan

25.    The Plan contains various provisions that may be construed as discretionary but are not required for Confirmation under the Bankruptcy Code.  As set forth below, such discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are appropriate and consistent with the applicable provisions of the Bankruptcy Code.  As a result, section 1123(b) of the Bankruptcy Code is satisfied.

### (A)    Section 1123(b)(3): Release, Exculpation and Injunction

26.    The release, indemnification, and exculpation provisions set forth in Section 10 of the Plan constitute good faith compromises and settlements of the matters covered thereby.  Such compromises and settlements are made in exchange for consideration and are in the best interests of the Debtors, their Estates, and holders of Claims and Equity Interests, are fair, equitable, reasonable, and are integral elements of the restructuring and resolution of the Chapter 11 Cases in accordance with the Plan.

9

(b)    **Section 1129(a)(2): Compliance of the Debtors with the Applicable Provisions of the Bankruptcy Code**

27.    The Debtors, as co-proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2), including, without limitation, sections 1123, 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019.

28.    In particular, the Debtors are proper debtors under section 109 of the Bankruptcy Code and proper Plan proponents under section 1121(a) of the Bankruptcy Code.  Furthermore, the solicitation of acceptances or rejections of the Plan: (i) complied with the Disclosure Statement Order and (ii) complied with all applicable laws, rules and regulations governing the adequacy of disclosure in connection with such solicitation.  Moreover, the Disclosure Statement provided disclosure of "adequate information" to holders of Claims or Equity Interests, as section 1125(a) of the Bankruptcy Code defines that term.  Accordingly, the Debtors and their respective directors, officers, employees, agents, members, affiliates and representatives have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code.

(c)    **Section 1129(a)(3): Proposal of the Plan in Good Faith**

29.    The Debtors have proposed the Plan in good faith and not by any means forbidden by law, as required by section 1129(a)(3) of the Bankruptcy Code.  In so determining, this Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Disclosure Statement, the Plan itself and the process leading to its formulation, and the record of the Confirmation Hearing and other proceedings held in these Chapter 11 Cases. The Plan was proposed, with the legitimate and honest purposes of maximizing the value of the Estates and to effectuate the liquidation of the Debtors.

PAC 980170v.1

**(d)    Section 1129(a)(4):   Bankruptcy Court Approval of Certain Payments as Reasonable**

30.    The procedures set forth in the Plan for the Bankruptcy Court's review and ultimate determination of the fees and expenses to be paid in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, comply with section 1129(a)(4) of the Bankruptcy Code.  As a result, the requirements of section 1129(a)(4) of the Bankruptcy Code have been satisfied.

**(e)    Section 1129(a)(5): Disclosure and Identity of Proposed Management**

31.    The requirements of Bankruptcy Code section 1129(a)(5) are not applicable to the Plan, as the Debtors are liquidating and will have no directors, officers or employees, except as provided in decretal paragraph M of this Confirmation Order and the Disbursing Agent.  The Debtors have disclosed the identity, affiliations and proposed compensation of Land Services, USA, Inc., the party proposed to serve as Disbursing Agent after the Effective Date. As a result, the requirements of section 1129(a)(5)(A) and (B) of the Bankruptcy Code have been satisfied.

**(f)    Section 1129(a)(6):   Approval of Rate Changes**

32.    The requirements of Bankruptcy Code section 1129(a)(6) are not applicable to the Plan because the Debtors are not subject to any regulatory commission with jurisdiction over the rates of the Debtors, and because the Debtors are liquidating.

**(g)    Section 1129(a)(7):   Best Interests of Creditors**

33.    The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Joint Declaration, and other evidence proffered or adduced at the Confirmation Hearing:  (a) are persuasive and credible; (b) have not been controverted by other evidence; and (c) establish that each holder of an Impaired Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of

11

the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

**(h)     Section 1129(a)(8):  Acceptance by the Plan by Each Impaired Class**

34.     As set forth in the Voting Tabulation Affidavit, the Voting Classes, as Impaired Classes entitled to vote on the Plan, all voted in favor of the Plan.  Holders of Class 2 (Other Secured Claims against Mezz 1 Debtor), Class 3 (General Unsecured Claims against Mezz 1 Debtor), Class B (Other Secured Claims against Mezz 2 Debtor) and Class C  (General Unsecured Claims against Mezz 2 Debtor) are unimpaired and conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.  As a result, the requirements of section 1128(a)(8) of the Bankruptcy Code have been satisfied.

**(i)     Section 1129(a)(9):  Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code**

35.     The treatment of Allowed Administrative Expense Claims, Allowed Priority Tax Claims and Allowed Priority Non-Tax Claims under Plan Section 2.1, 2.3 and 2.4, respectively, satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

**(j)     Section 1129(a)(10):  Acceptance by at Least One Impaired Class**

36.     As set forth in the Voting Tabulation Affidavit and above, each Impaired Class has voted to accept the Plan.  Accordingly, section 1129(a)(10) of the Bankruptcy Code is satisfied.

**(k)     Section 1129(a)(11):  Feasibility of the Plan**

37.     Because the Plan is a plan of liquidation, pursuant to section 1129(a)(11), the Plan is feasible.  Section 5 of the Plan provides the means for implementing the Plan and

12

demonstrates the Debtors' ability to make the payments anticipated in Section 6 of the Plan. Accordingly, the Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

38.    The evidence proffered or adduced at, or prior to the Confirmation Hearing and the Joint Declaration: (a) is reasonable, persuasive, credible and accurate as of the dates such analysis or evidence was prepared, presented or proffered; (b) utilizes reasonable and appropriate methodologies and assumptions; (c) has not been controverted by other evidence; and (d) establishes that the Debtors will have sufficient funds, including by reason of the Sale of the Hotel Equity and pursuant to the LEM Funding Obligations, to satisfy their obligations under the Plan. As a result, the requirements of section 1129(a)(11) of the Bankruptcy Code have been satisfied.

**(l)    Section 1129(a)(12):  Payment of Bankruptcy Fees**

39.    In accordance with section 1129(a)(12) of the Bankruptcy Code, Section 12.1 of the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930(a).  As a result, the requirements of section 1129(a)(12) of the Bankruptcy Code have been satisfied.

**(m)    Section 1129(a)(13):  Retiree Benefits**

40.    The requirements of section 1129(a)(13) of the Bankruptcy Code are inapplicable to the Plan because the Debtors are not obligated to fund any retiree benefits within the meaning of this statute.

**(n)    Section 1129(a)(14), (15) and (16)**

41.    The Debtors owe no domestic support obligations, are not individuals and are not nonprofit corporations.  Thus, sections 1129(a)(14), (15) and (16) of the Bankruptcy Code do not apply in these Chapter 11 Cases.

13

(o) **Section 1129(b):  Confirmation of the Plan Over Nonacceptance of Impaired Classes**

42.    The classification and treatment of Claims in the Plan is proper pursuant to section 1122 of the Bankruptcy Code and does not discriminate unfairly pursuant to section 1129(b)(1) of the Bankruptcy Code.

43.    Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the fact that not all Impaired Classes have voted to accept the Plan, if all of the requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8) have been met.  All Classes of Impaired Claims have voted to accept the Plan.  Accordingly, section 1129(b) of the Bankruptcy Code does not apply in these Chapter 11 Cases.

(p) **Satisfaction of Confirmation Requirements**

44.    Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129(a) and (b) of the Bankruptcy Code.  Accordingly, the Plan is fair and equitable.

(q) **Section 1129(c): Only One Plan**

45.    Other than the Plan, no other plan has been filed in the Chapter 11 Cases.  As a result, the requirements of section 1129(c) of the Bankruptcy Code has been satisfied.

(r) **Section 1129(d):  Principal Purpose of the Plan is Not the Avoidance of Taxes or Application of the Securities Law**

46.    In accordance with section 1129(d) of the Bankruptcy Code, the principal purpose of the Plan, as evidenced by its terms, is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

**J.    Specific Findings with Respect to the Settlement Agreement and Sale**

47.    The Settlement Agreement is an essential element of the Plan.  Entry into the Settlement Agreement by the Debtors is in the best interests of the Debtors, the Estates and their

14

respective creditors. The effectuation and consummation of the Sale is appropriate and in the best interests of creditors. Accordingly, the settlements reflected in the Plan, including but not limited to, the Settlement Agreement and Sale, are (a) in the best interest of the Debtors, the Debtors' estates, and all holders of Claims and Equity Interests; (b) fair, equitable and reasonable; (c) made in good faith; and (d) approved pursuant to applicable law, including section 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

48.     On the Effective Date, the Debtors are authorized to consummate the Sale, and are authorized to execute, deliver, file, record and issue all agreements and other related documents necessary to effectuate the Sale without further notice to or order of the Bankruptcy Code, act or action under applicable law, regulation, order or rule, or the vote, consent, authorization or approval of any Person, other than as specifically set forth in the Plan.

**K.     Implementation**

49.     All documents and agreements necessary to implement the Plan, including, without limitation, the Settlement Agreement, and all other relevant and necessary documents described in the Plan, have been negotiated in good faith at arm's length, are in the best interests of the Debtors and shall upon execution be valid, binding and enforceable documents and agreements not in conflict with any federal or state law.

**L.     Good Faith**

50.     The Settlement Agreement Parties will be acting in good faith if they proceed to (a) consummate the Plan and the agreements, settlements, transactions and transfers contemplated thereby in accordance with the Plan, the Settlement Agreement and this Confirmation Order and (b) take the actions authorized and directed by this Confirmation Order.

15

**M.    Preservation of Rights of Action**

51.    Section 10.7 of the Plan provides for the retention by the Debtors of all claims and causes of action, except as otherwise provided in the Plan or Confirmation Order, that the Debtors may hold against any entity.  The provisions regarding the retained causes of action in the Plan are appropriate and are in the best interests of the Debtors.

**N.    Satisfaction of Conditions Precedent to Confirmation**

52.    The conditions to Confirmation set forth in Section 9.1 of the Plan have been satisfied, waived or will be satisfied by entry of the Confirmation Order.

**O.    Satisfaction of Conditions Precedent to Effective Date**

53.    The conditions to the Effective Date are set forth in Section 9.2 of the Plan. Certain conditions to the Effective Date set forth in Section 9.2 of the Plan may be waived, in whole or in part.

**P.    Retention of Jurisdiction**

54.    The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section 11 of the Plan.

<u>**ORDER**</u>

**Based on the foregoing, it is hereby ORDERED:**

**A.    Order**

1.    The Confirmation Order shall and does approve the adequacy of the Disclosure Statement and confirm the Plan.  The Plan is approved and confirmed under section 1129 of the Bankruptcy Code.  The Settlement Agreement, to the extent modified by this Confirmation Order, is incorporated by reference into and is an integral part of the Plan.

16

**B.      Objections**

2.      To the extent that any objections to Confirmation have not been resolved, withdrawn, waived or settled prior to entry of the Confirmation Order, or otherwise resolved as stated on the record of the Confirmation Hearing, they are hereby overruled on their merits.

**C.      Findings of Fact and Conclusions of Law**

3.      The findings of fact and the conclusions of law stated in the Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

**D.      Disclosure Statement**

4.      The Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and, by this Confirmation Order, is approved as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code.

**E.      Modifications to the Plan**

5.      At the request of the Debtors, the Plan is hereby modified pursuant to section 1127(a) of the Bankruptcy Code, as set forth on Exhibit A hereto.

**F.      Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependant**

6.      The provisions of the Plan, the Settlement Agreement, and this Confirmation Order, including the findings of  fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

**G.      Record Closed**

7.      The record of the Confirmation Hearing is closed.

17

**H.   Notice and Solicitation**

8.     Good and sufficient notice has been provided of the Confirmation Hearing, the
deadline for filing and serving objections to the Plan, injunctions and third party releases, bar
dates, and other hearings described in the Disclosure Statement Order and the Plan, which notice
was in compliance with the Bankruptcy Code and the Bankruptcy Rules and has been and is
hereby approved.

9.     The solicitation of votes on the Plan complied with the Solicitation Procedures
and the Disclosure Statement Order, was appropriate and satisfactory based upon the
circumstances of the Chapter 11 Cases and was in compliance with the provisions of the
Bankruptcy Code and Bankruptcy Rules.

**I.   Plan Classification Controlling**

10.    The terms of the Plan shall solely govern the classification of Claims and Equity
Interests for purposes of the distributions to be made thereunder.  The classifications set forth on
the Ballots tendered to or returned by the Debtors' creditors in connection with voting on the
Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan;
(b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect,
the actual classification of such Claims under the Plan for distribution purposes; (c) may not be
relied upon by any creditor as representing the actual classification of such Claims under the
Plan for distribution purposes; and (d) shall not bind the Debtors or the Disbursing Agent.

**J.   Binding Effect and Validity**

11.    The provisions of the Plan and this Confirmation Order shall bind the Debtors and
all holders of Claims against and Equity Interests in the Debtors, including its successors and
assigns, whether or not the claims or interests of these entities are impaired under the Plan,
whether or not these entities have voted to accept the Plan and whether or not these entities have

18

filed proofs of claim in these Chapter 11 Cases.  Each Plan term and provision, as it may be interpreted in accordance with the Plan, is valid and enforceable under its terms.

**K.      Effectuation of the Plan**

12.      The Debtors are authorized to execute and deliver any and all documents and instruments and take any and all action necessary or desirable to implement the Plan and this Confirmation Order and to effect any other transactions contemplated therein or thereby.  To effectuate the Plan and such transactions, the officers or responsible representatives of the Debtors are authorized, without further notice or application to or order of the Court to execute, deliver, file or record such agreements or documents and to take such other actions as any such individual may determine to be necessary or desirable to effectuate the Plan and such transactions, regardless of whether such actions or documents are specifically referred to in the Plan or this Confirmation Order.  To the extent that, under applicable non-bankruptcy law, any of these actions otherwise would require the consent or approval of the boards of directors of the Debtors, this Confirmation Order constitutes such consent and approval.

13.      **Treatment is in Full Satisfaction.**  Except as otherwise agreed in writing and approved by the Court, the treatment set forth in the Plan is in full and complete satisfaction of the legal, contractual and equitable rights (including any liens) that each entity holding a Claim or interest may have in or against the Debtors or their respective property.  This treatment supersedes and replaces any agreements or rights those entities may have in or against the Debtors or their respective property.

14.      **Cancellation of Equity Interests.**  Except to the extent otherwise provided in the Plan, including specifically in respect of the Hotel Equity subject to the Sale, on the Effective Date, all notes, stock, instruments, certificates and other documents evidencing Equity Interests shall be deemed automatically canceled, without any further action by any party, and the

19

obligations of the Debtors thereunder and in any way related thereto shall be fully satisfied, released and discharged in exchange for the treatment provided under the Plan, if any, arising thereunder.

**L.    The Releases, Exculpation, Injunction and Related Provisions Under the Plan**

15.    Consistent with Section 10 of the Plan, the following releases, exculpations, injunctions and related provisions are essential provisions of the Plan and are hereby approved and authorized in their entirety:

(i)    ***Release of Liens.***  **On the Effective Date, except as otherwise provided in the Plan or in any contract, instrument, release or other agreement or document created pursuant to the Plan, all mortgages, deeds of trust, liens, pledges or other security interests against property of the Estates shall be fully released and discharged and all of the right, title and interest of any holder of such mortgages, deeds of trust, liens, pledges or other security interest shall revert to the Debtors.**

(ii)    ***Satisfaction of Claims and Termination of Equity Interests.***  **Upon the Effective Date and in consideration of the rights afforded under the Plan and the payments and distributions to be made thereunder, except as otherwise expressly provided in the Plan or in this Confirmation Order, each holder (as well as any trustees and agents on behalf of each holder) of a Claim against the Debtors or Equity Interest and any affiliate of such holder shall be deemed to have forever waived and released the Debtors to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Equity Interests, rights and liabilities of any kind, nature or description that arose prior to the Effective Date.  On the Effective Date, all holders of such Claims and Equity Interests shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such released and satisfied Claim against the Debtors or any of their assets or properties, or the terminated Equity Interests based on any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim or proof of Equity Interest.**

**Except as otherwise provided in the Plan or in this Confirmation Order, all persons or entities who have held, now hold or may hold Claims against any of the Debtors or Equity Interests and all other parties in interest, along with their respective present and former employees, agents, officers, directors, principals and affiliates, are**

20

permanently enjoined from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to such Claim or Equity Interest against the Debtors, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtors with respect to such Claim or Equity Interest, (c) creating, perfecting or enforcing any encumbrance of any kind against the Debtors or against the property or interests in property of the Debtors with respect to such Claim or Equity Interest, or (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligations due from Debtors, with respect to such Claim or Equity Interest.    Such injunction shall extend to any successors of the Debtors and their respective properties and interest in properties.

(iii)    *Term of Injunctions or Stays*.    Unless otherwise provided, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

(iv)    *Injunction Against Interference with Plan*.    On the entry of this Confirmation Order, all holders of Claims and Equity Interests and other parties-in-interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

(v)    *Releases*.

a.    As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, (i) the Debtors and any person seeking to exercise the rights of the Debtors' estates, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, (ii) each holder of a Claim or Equity Interest that votes to accept the Plan and (iii) each of the Settlement Agreement Parties ((i)-(iii) collectively, the "Releasing Parties") shall be deemed to unconditionally, forever release, waive, and discharge each Released Party, from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever in connection with or related in any way to the Debtors, the operation of the Debtors' businesses, the incurrence by the Debtors of any indebtedness or the use of proceeds thereof, the Chapter 11 Cases, and the Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown,

21

foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date; *provided, however,* that nothing in this Confirmation Order or in Section 10.5 of the Plan shall be deemed to waive or release the rights of the Settlement Agreement Parties to enforce the Settlement Agreement or the Plan and the contracts, instruments, indentures, and other agreements or documents delivered thereunder or in connection therewith.

b. Without limiting the generality of the foregoing, as of the Effective Date, the Debtors shall be deemed to have waived the right to prosecute, and to have settled and released for fair value, any avoidance or recovery actions under sections 506(c), 510, 545, 546, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code or other applicable law that belong to the Debtors and/or which the Debtors could have prosecuted as debtors or debtors in possession against the other Released Parties, whether brought under the Bankruptcy Code or other applicable law.

c. Entry of this Confirmation Order shall constitute the Bankruptcy Court's approval of the releases set forth in Section 10.5 of the Plan pursuant to Bankruptcy Rule 9019 and its finding that they are: (i) in exchange for good and valuable consideration, representing a good faith settlement and compromise of the Claims and causes of action thereby released; (ii) in the best interests of the Debtors and all holders of Claims; (iii) fair, equitable and reasonable; (iv) approved after due notice and opportunity for hearing; and (v) a bar to any of the Releasing Parties asserting any Claim or cause of action thereby released.

(vi) *Exculpation.* Notwithstanding anything provided herein or in the Plan, as of the Effective Date and subject to the occurrence of the Effective Date, the following parties, entities, and individuals shall have no liability for any action or failure to act with respect to formulation, negotiation, preparation, confirmation, or consummation of the Plan or the administration of the Chapter 11 Cases (other than liability determined by a final order of a court of competent jurisdiction for actions or failure to act amounting to willful misconduct, intentional fraud, or criminal conduct arising out of the Chapter 11 Cases or any liability arising out of an express contractual obligation)): (i) the Debtors, (ii) the Settlement Agreement Parties, and (iii) with respect to each of the forgoing, each of their respective direct or indirect subsidiaries, current and former officers and directors, managers, members, employees, agents,

22

representatives, financial advisors, professionals, accountants, and attorneys, and each of their predecessors, successors, and assigns.

(vii) *__Retention of Causes of Action/Reservation of Rights__.*

    a. Except with respect to the releases and exculpation provided hereunder and under the Plan, the Debtors shall retain all causes of action, Claims, rights of setoff or recoupment, rights under the Bankruptcy Code, including, without limitation, the right to require the turnover of property of the Debtors' estates, or any applicable non-bankruptcy law or rule, common law, equitable principle or other source of right or obligation, including, without limitation, (i) any and all Claims against any person or entity, to the extent such person or entity asserts a crossclaim, counterclaim, and/or Claim for setoff which seeks affirmative relief against the Debtors, their officers, directors, or representatives; and (ii) the turnover of any property of the Debtors' estates.

    b. Nothing contained in the Plan or in this Confirmation Order shall be deemed to be a waiver or relinquishment of any claim, cause of action, right of setoff, or other legal or equitable defense which the Debtors had immediately prior to the Petition Date, against with respect to any Claim left unimpaired by the Plan. The Debtors shall have, retain, reserve and be entitled to assert all such claims, causes of action, rights of setoff, and other legal or equitable defenses which they had immediately prior to the Petition Date fully as if the Chapter 11 Cases had not been commenced, and all of the Debtors' legal and equitable rights respecting any Claim left unimpaired by the Plan may be asserted after the Confirmation Date to the same extent as if the Chapter 11 Cases had not been commenced.

    c. Nothing in clauses (a) and (b) above or in Section 10.7 of the Plan shall be deemed to limit or otherwise modify Sections 10.5 or 10.6 of the Plan.

Notwithstanding the above, or anything to the contrary in the Plan or the Settlement Agreement, neither Mezz 3 Borrower, USRHC or Istithmar Guarantor shall be entitled to any exculpation from, release of, or settlement or compromise of, any Claim held by any entity or party other than the Settlement Agreement Parties. For the avoidance of doubt, any and all guarantees issued by Istithmar Guarantor in respect of Mortgage Loan made to Hotel Owner by the holder of the Mortgage Loan (the "__Mortgage Lender__") shall remain in

23

full force and effect and shall in no way be impaired, modified, abridged or released by any of the terms of the Plan, the Settlement Agreement or this Confirmation Order.

**M.    Dissolution of the Debtors/Termination of Officers and Directors**

16.    On the Effective Date, the authority, power and incumbency of the persons then acting as directors, managers and officers of the Debtors shall be terminated and such directors, managers and officers shall be deemed to have resigned or to have been removed without cause, provided, however, that the Debtors shall retain at least one acting officer for the purposes of complying with Section 5.4.

17.    On the Effective Date, the Debtors shall be deemed liquidated and dissolved as a legal entity pursuant to applicable federal and state law, without the need for any further action by the Court or any Entity.

**N.    Distributions Under the Plan**

18.    On or after the Effective Date, all distributions under the Plan shall be made in accordance with Section 6 of the Plan.

**O.    Executory Contracts and Unexpired Leases**

19.    The rejection of executory contracts and unexpired leases as set forth in the Plan are approved.  The Confirmation Order shall constitute an order approving such rejections, pursuant to section 365 of the Bankruptcy Code, as of the Confirmation Date.

20.    Any claims created by the rejection of executory contracts and unexpired leases pursuant to Section 8.2 of the Plan must be filed with the Bankruptcy Court and served on counsel for the Debtors on or before the date that is thirty (30) days after the Effective Date. Any claims arising from the rejection of an executory contract or unexpired lease pursuant to Section 8.2 of the Plan for which proofs of claim are not timely filed within that time period will be forever barred from assertion against the Debtors, the Debtors' estates, their successor and

assigns and their assets and properties, unless otherwise ordered by the Bankruptcy Court. Any claim arising from the rejection of any executory contract or unexpired lease shall be considered a General Unsecured Claim, and subject to allowance, paid in accordance with Sections 4.1(c) or 4.2(c) of the Plan, as applicable.

21.     The filing of the Plan, Confirmation Hearing Notice and notice of entry of this Confirmation Order provide adequate notice of the assumption or rejection of executory contracts and unexpired leases pursuant to Section 8 of the Plan. Therefore, no other or further notice is required.

**P.      Governing Law**

22.     Except to the extent that the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Plan or a schedule provides otherwise, the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.

**Q.      Section 1146 Exemption**

23.     Pursuant to section 1146 of the Bankruptcy Code, (a) the issuance, transfer or exchange (or deemed issuance, transfer or exchange) of a security, including, without limitation, the Hotel Equity, (b) the creation of any mortgage, deed of trust, Lien, pledge or other security interest, or (c) the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan (including, without limitation, any merger agreements, agreements of consolidation, restructuring, disposition, liquidation, dissolution, deeds, bills of sale and transfers of tangible property) will not be subject to any stamp tax, recording tax, personal property tax, real estate transfer tax, sales tax, use tax, transaction privilege tax (including, without limitation, such taxes on prime contracting and owner-builder

25

sales), privilege taxes (including, without limitation, privilege taxes on construction contracting with regard to speculative builders and owner builders) or other similar taxes. Consistent with the foregoing, each recorder of deeds or similar official for any county, city or governmental unit in which any instrument hereunder is to be recorded shall, pursuant to this Confirmation Order, be ordered and directed to accept such instrument, without requiring the payment of any documentary stamp tax, deed stamps, stamp tax, transfer tax, recording tax, intangible tax or similar tax. The Court shall retain specific jurisdiction with respect to these matters.

**R.    Compensation and Reimbursement Claims**

24.    All entities seeking an award by the Bankruptcy Court for compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date under section 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code must file such request with the Bankruptcy Court no later than the date that is forty-five (45) days after the Effective Date (the "Compensation and Reimbursement Deadline"). Entities that are required to file and serve such a request for compensation for services or reimbursement of expenses that do not file and serve such request by the Compensation and Reimbursement Deadline shall be forever barred, estopped and enjoined from asserting such claims against the Debtors or their estates and property.

**S.    Authorization to Modify**

25.    Without need for further order or authorization of the Court, the Debtors or any parties granted consent rights pursuant to the Plan are authorized and empowered to make any and all modifications to any and all documents included as part of the Plan or otherwise contemplated by the Plan that are consistent with the Plan.

26

**T.    Approval of Consents**

26.    This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan and the Disclosure Statement, and any related documents, instruments or agreements, and any amendments or modifications thereto.

**U.    Disclosure:  Agreements and Other Documents**

27.    The Debtors have disclosed the terms and conditions of the Settlement Agreement and the Sale and all related releases and agreements to the Court, the Office of the United States Trustee and all creditors balloting on the Plan.

**V.    Separate Confirmation Orders**

28.    This Confirmation Order is and shall be deemed a separate Confirmation Order with respect to each of the Debtors and in each Debtor's separate Chapter 11 Case for all purposes.  The Clerk of the Court is directed to file and docket this Confirmation Order in the Chapter 11 Cases of each Debtor.

**W.    Payment of Statutory Fees**

29.    All fees payable pursuant to section 1930 of title 28 of the United States Code on or prior to the Effective Date, and thereafter as may be required, shall be paid on the earlier of when due or the Effective Date, or as soon thereafter as practicable.

**X.    Miscellaneous**

30.    **Mortgage Lender Consent.**  Notwithstanding anything to the contrary in the Plan or the Settlement Agreement, the Mortgage Lender shall not be required to (a) consent to any or all master lease structures proposed by Host, and any such pending requests to Mortgage

27

Lender are hereby deemed withdrawn or (b) provide an estoppel certificate substantially in the form attached as Exhibit J to the Settlement Agreement, but Mortgage Lender shall deliver an estoppel in accordance with the Mortgage Loan to the extent requested by Host and to the extent required to do so in accordance with the provisions of the Mortgage Loan Documents.

31.    **Reserve Accounts.**  On or prior to the Effective Date, Venture shall deposit (a) $3.1 million with Mortgage Lender for application to the FF&E Reserve Account established as collateral security for the Mortgage Loan and (b) amounts required under the Mortgage Loan Documents, if any, to satisfy the Seasonality Reserve Account established as collateral security for the Mortgage Loan after giving effect to the Plan.

32.    **Mortgage Lender Fees and Costs.**  On or prior to the Effective Date, Venture shall pay all outstanding attorneys' and other professional fees and costs to the extent required to do so in accordance with the provisions of the Mortgage Loan ~~Agreement~~. Documents.

**Y.    References to Plan Provisions**

33.    The Plan is confirmed in its entirety and hereby incorporated into this Confirmation Order by reference.  The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of, or otherwise affect, the validity, binding effect and enforceability of such provision, and each provision of the Plan shall have the same validity, binding effect and enforceability as if fully set forth in this Confirmation Order.

**Z.    Headings**

34.    Headings utilized herein are for convenience and reference only, and shall not constitute a part of the Plan or this Confirmation Order for any other purpose.

28

**AA.    Retention of Jurisdiction**

35.    Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall exclusive jurisdiction as provided in the Plan over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, among other items and matters, jurisdiction over those items and matters set forth in Section 11 of the Plan.

**BB.    Effect of Conflict Between Plan and Confirmation Order**

36.    The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

**CC.    Notice of Effective Date**

37.    As soon as reasonably practicable, but in no event later than ten (10) days after the Effective Date, Debtors' counsel shall serve a notice of the Effective Date on all holders of Claims and Equity Interests.  The notice of Effective Date shall include notice of (a) the bar date for filing rejection damage claims (or other claims for damages) arising from the rejection under the Plan of executory contracts or unexpired leases, which shall be thirty (30) days after the Effective Date, and (b) the last day for filing final applications or motions for compensation and reimbursement claims pursuant to Section 2.2 of the Plan, which shall be forty-five (45) days after the Effective Date.

PAC 980170v.1

**DD.    Final Order/Waiver of Stay**

38.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Confirmation Order shall be immediately effective and enforceable upon its entry.

39.    This Confirmation Order shall be a Final Order and immediately effective and shall not be stayed for fourteen (14) days after entry as permitted by Bankruptcy Rule 6004(h).

40.    If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of such order.  Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all related documents or any amendments or modifications thereto.

**EE.    Authorization to Consummate**

41.    The Debtors are authorized to consummate the Plan at any time after the entry of this Confirmation Order, subject to the satisfaction or waiver of the conditions precedent to the Effective Date set forth in Section 9.2 of the Plan.

IT IS SO ORDERED.

Dated: _____Aug. 27_____, 2010
         Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

31